

# FEDERAL DISTRICT COURT MIDDLE DISTRICT of NORTH CAROLINA

## DISTRICT of GREENSBORO

25cv543

Richard Otis

v.

Grubb Realty, Glen Lennex Apartments, and Its Agents

## COMPLAINT

Comes Now, Plaintiff Richard Otis, to complain that that the Defendants violated North Carolina Landlord Statute #42.-3, 42-37.1, #42-42, the Federal Fair Housing Act of 1968, and the Plaintiff's rights and protections under the 14th Amendment of the Constitution of the United States

### JURISDICTION

Pursuant to 28 U.S.C #1391(b)(2), the Plaintiff files his Complaint: "A civil action may be brought in a judicial district in which a substantial part of the event or omissions giving rise to the claim occurred".

The most significant of the alleged tortious acts perpetrated by the Defendant occurred in, and were perfected and culminated in the jurisdiction of the Federal District of Greensboro. North Carolina.

U.S. Constitution, Article lll, section 2, Title 28 U.S.C #1332 -- Federal Question: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, treaties of the United States".

In *Louisville & Nashville Railroad, Co., v Mottley*, 211 U.S. 149 (1908), the Supreme Court ruled that the "federal issue" must be on the face of the well-pleaded complaint, or at least essential to prove the element of the claim, and not merely an issue raised as part of the defendant's defense. *Smith v. Kansas City Title & Trust Co*, 225 U.S., 180 (1921) expanded on *Mottley*, by stating in addition to appearing on the face of the complaint, the federal issue must be "substantial," *Moore v. Chesapeake & Ohio Railway Co.*, 291 U.S. 205 (1934), the case "turns on a construction of federal law, " and in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478. U.S. 804 (1986), "...even if it did not intend to confer jurisdiction, if the issue is so "substantial." the case can be brought in federal court," and *Grable & Sons Metal Products, Inc. v. Darue Engineering* & Mfg, 545 U.S. 308 (2005), "The issue is so substantial that the issue may be litigated in a federal forum, despite the fact that the statute has no private right of action "

As to the case at bar, the Complaint on its face, alleges multiple acts by the Defendant violating the Plaintiff\s 14th Amendment rights and protections, each qualifying as "substantial."

Therefore, having established clear and compelling *prima facie* evidence of substantial "federal

*1*

question," the District Federal Court for the District of Greensboro has original jurisdiction in this case as a matter of law.

The Plaintiff is a natural born citizen of the United States, and resident of Chapel Hill, North Carolina.

Upon information and belief, the Defendants reside and do business within the jurisdiction of Greensboro at the time of filing his Complaint.

Accepting the truth of the well-pleaded factual allegations of the Complaint, which must be construed as true and all inferences drawn therein in a light most favorable to the plaintiff," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), also *Neitzke v. Williams,* 109 S. Ct.1827, 1832 (1989), the alleged fraudulent, malicious, and unconstitutional acts by the Defendants, to wit, denying, the Plaintiff his 14th Amendment rights and protections,, are tortious acts committed by the Defendants against Dr Richard Optis.

Therefore, the Court must, on the grounds cited above, accept personal jurisdiction over the Defendants as a matter of law.

The Defendants knew, or should have known, they were committing tortious acts against the Plaintiff.

The Defendant's alleged 14th Amendment violations of the Plaintiff's right to "equal protections under the laws, interdicts the Defendant's claim of protections under Federal Rule 4(k)(1)(d), or 4(k)(2) of "fair play and substantial justice.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

The amount of recovery sought by the Plaintiff exceeds $75,000, therefore, the Federal District Court for the District of Greensboro, North Carolina, is the proper venue to adjudicate this case.

## STATEMENT OF THE CASE
### COUNT ONE
Violation of Federal Fair Housing Act of 1968 --Elder Discrimination

Defendants took advantage of 88-old Plaintiff's desperate need for affordable housing by denying him his right to first preview the rental unit and neighbors, causing the Plaintiff to find himself next door to the only neighbor illegally operating a commercial business in a non-commercial zone, trashing his property and the Plaintiff's, so that the Plaintiff's back yard was confined to his back door and the three steps and two trashcans. The same neighbor took up 6 parking spaces for two trucks and two cars, so that the Plaintiff's car was not accessible to the steps he needed to carry his groceries.

THEREFORE, for having violated the Plaintiff's Fair Housing protections against discrimination – Elder Abuse, the Plaintiff asks this court to award the Plaintiff damages against the Defendants in the amount of $10,000 and $2,500 in punitive damages.

2

## COUNT TWO
Violations of #42-37.1, 42-42 --Tenants protected
rights to decent, safe, and sanitary housing.

The Defendants failed to provide trash cans, so the Plaintiff had to walk several blocks to find abandoned trashcans and walk each trashcan back to his yard. Plaintiff's rental was, and is, infested by mice, and a variety of insects from fruit-flies to roaches. There exists sufficient standing water under the Plaintiff's unit to require two days of pumping to remove the water, on one occasion. The two flood-lights in the living-room never worked. Neither did one of the faucets in the bathroom. Half of the only vent in the bathroom was covered by the cabinet. There was no heat in the two bedrooms and living -room – 11/3/24-4/23/25. It took three complaints over a month or two, to get the kitchen disposal operable --same for the front door lock, so that the house had to be left open so not to miss the bus.
THEREFORE for having violated codes 42-371-1, and #42-42, as cited above, the Plaintiff asks this Court for an award against the Defendants in the amount of $7,500, and punitive damages in the amount of $2,750, and such other relief the Court deems fair and just.

## COUNT THREE
Violations of Statute #42-42 – failure to provide heat in the
living-room, and two bedrooms, 11/3/24-4/23/25.

The Plaintiff determined the square-footage of the unheated two bedrooms, and living- room– 657 square feet (88%) versus the heated kitchen and bathroom –96 square feet (12%), concluding that the Plaintiff had paid for 88% of the 753 unheated space for 6 months, in turn, being owed $630 by the Defendants.
On May 2, 2025, the Plaintiff gave the Defendant's a month's rent of $742, which the Defendants refused, arguing(1) deducting from the monthly rent was "against policy,"(2) The heating problem must have begun on the date the Plaintiff began his occupancy – a lie – (3) Anyway, the Defendant would issue a "credit" to the Plaintiff, presumably for the $630
As of today, June 30, 2025, the Defendant has not done as promised, but rather increased their corrupt and fraudulent deceptive business practices by placing a news trashcan at the Plaintiff's front door, seven months late and AFTER the Plaintiff had already found one.
THERFORE, for the reason cited herein, the Plaintiff asks this Court to: Award the Plaintiff against the Defendants an amount of $630.

## COUNT FOUR
Violations of the 14th Amendments
Due Process and Equal Protections
Under the Laws

The Defendants violated the Plaintiff's 14th Amndment Due Process and Equal Protections as follows: (1) Fraudulently denied the Plaintiff his Constitutional right to due process – to inspect the property and neighborhood PRIOR signing the lease, (2) Fraudulently denied the Plaintiff his Constitutional right to due process eight to inspect the property and neighborhood PRIOR signing the lease, so that the Plaintiff, desperate to find affordable housing as he was currently operating out of a U-Haul truck, would sign the

3

lease deprived of knowing the many problems with the property listed above, (3) Fraudulently and maliciously denied the Plaintiff his due process right to inspect the property BEFORE signing the lease so that the Plaintiff would be unable to assess the true value of the property – a $750/month rental, and certainly NOT a $1,350/month property, (4) Fraudulently denied the Plaintiff his Constitutional right to due process – to inspect the property and neighborhood PRIOR signing the lease, so the Defendants could lie to the Plaintiff that the rent would be $1,200/month, but AFTER the lease was signed, charge the Plaintiff $1,372/month.

     THEREFORE, having denied the Plaintiff his Constitutional equal protection under the laws and due process right to inspect the rental property at 112 Maxwell Rd, Chapel Hill, North Carolina, BEFORE signing the lease, the Plaintiff asks this Court to award the Plaintiff and against the Defendants $35,000, and punitive damages in the amount of $10,000.

Respectively Submitted;

Richard Otis, pro se
112 Maxwel
Chapel Hill, NC 27517
757 841 5912
Otis9861@gmail.com

7/1/25

## CERTIFICATION

'I, Richard Otis, do herein swear and infirm that a true and exact copy of this Complaint has been served on Defendants Grubb Properties, Glen Lennox Apartments, and Its Agents. 140 Hamilton Rd. Chapel Hill, North Carolina, 27517, on this the 30th day of June, 2025.

                                                                     **Richard Otis**